UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DARREN KOLAR,

        Plaintiff,

No. CV 04-1593-MO

OPINION re: Bill of Costs

v.

UNIFIED WESTERN GROCERS, INC.,

        Defendant.

**MOSMAN, J.,**

Defendant Unified Western Grocers, Inc. ("Unified") prevailed at summary judgment and now seeks its costs in the amount of $5,848.07. (#83). Plaintiff Darren Kolar objects. Because Unified has not sufficiently justified all of its costs, its request is GRANTED IN PART AND DENIED IN PART, and it is awarded $4,017.83.

**Discussion**

The District Court has discretion to award costs, but only those costs identified in 28 U.S.C. §1920[1] are properly recoverable. *Alflex Corp. v. Underwriters Labs, Inc.,* 914 F.2d 175,

---

[1] A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

PAGE 1 - OPINION AND ORDER

176-77 (9th Cir. 1990). Unified seeks reimbursement for (1) photocopies of exhibits filed in connection with its motion for summary judgment; (2) photocopies of medical records; (3) copies of Mr. Kolar's criminal records; (4) subpoena fees; (5) deposition witness fees; and (6) court reporter fees to transcribe deposition testimony from Mr. Kolar, Julie Cassidy, Kimberli Spiegel, Stan White, Ella Dinger, and Cynthia Kolar. Mr. Kolar argues generally that the court should not impose costs because he has limited financial means and a high award of costs in relation to the plaintiff's financial resources could chill future meritorious employment rights litigation. More specifically, he also argues that the deposition transcripts of Ms. Cassidy and Ms. Spiegel were unnecessary as both witnesses are Unified employees, and that the extra cost for expediting these transcripts was not necessary.

I.   **Mr. Kolar's limited financial resources**

Federal Rule of Civil Procedure 54(d)(1) provides that, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule creates a "presumption for awarding costs to prevailing parties," and thus requires the losing party to show why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* However, where the court

---

> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title...

28 U.S.C. § 1920.

PAGE 2 - OPINION AND ORDER

exercises its discretion to deny costs, it must explain its reasons for doing so. *Id.* The Ninth Circuit has recognized several factors justifying a district court's refusal to award costs to a prevailing party. Those factors include: (1) the losing party's limited financial resources, *see Nat. Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982); (2) misconduct on the part of the prevailing party, *see Nat. Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995), *overruled on other grounds by, Assoc. of Mexican-Am. Educators v. California*, 231 F.3d 572 (9th Cir. 2000); (3) the importance of the issues, *Assoc. of Mexican-Am. Educators*, 231 F.3d at 593; (4) the importance and complexity of the issues, *id.*; (5) the merit of the plaintiff's case, even if the plaintiff loses, *id.*; and (6) the chilling effect on future litigants of imposing high costs. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

Mr. Kolar argues the court should exercise its discretion to not award costs in this case based on his financial condition. In support of his argument, he attached a personal declaration stating that he is currently unemployed receiving only a small amount of unemployment benefits, and that his assets, except his vested pension, total less than $3,000. Considering the balance of factors in this case, I find Mr. Kolar's financial condition an insufficient basis to overcome the presumption of awarding fees to the prevailing party. Mr. Kolar also argues that given the high amount of costs sought, the court should decline to impose, or at least reduce, Unified's costs to avoid chilling future meritorious litigation. *Stanley*, 178 F.3d at 1079. Again, while this issue is properly considered, I find that it is an insufficient basis to deviate from the presumption of awarding costs under Fed. R. Civ. P. 54(d) in this case. *Save Our Valley*, 335 F.3d 944-45.

II. **Cassidy & Spiegel depositions**

Unified seeks $1,317.25 for court reporter fees associated with Ms. Cassidy's deposition,

and $1,692.54 for Ms. Spiegel's depositions. It is evident Unified had two deposition transcripts expedited at further expense.

First, Mr. Kolar argues that Ms. Cassidy and Ms. Spiegel's deposition transcript expenses were unnecessary because they both worked for Unified, and Unified could have obtained their declarations independently. Furthermore, Mr. Kolar argues these transcripts were merely ordered for the convenience of counsel because they were not necessary to counteract his use of the witness' testimony because he had not ordered transcripts of the depositions. It seems somewhat disingenuous for Mr. Kolar to now claim that these particular transcripts were not necessary, when it was Mr. Kolar who took Ms. Cassidy and Ms. Spiegel's depositions. Using deposition transcripts is the more appropriate method for introducing testimonial evidence in a summary judgment motion, as Mr. Kolar was provided the opportunity to examine and/or cross examine the witness' statements. As such, I decline to reduce Unified's costs award on this basis.

Second, Mr. Kolar argues the fees associated with expediting Ms. Cassidy and Ms. Spiegel's transcripts are unnecessary and should not be recovered. There is no explanation in Unified's Bill of Costs as to the need for expediting these deposition transcripts. Ms. Spiegel's deposition was taken twice, initially on May 16 and then again on July 14, 2005. Unified filed its motion for summary judgment on August 1, 2005. Therefore, given the close temporal proximity, expediting Ms. Spiegel's July deposition appears to have been reasonable. But the same cannot be said for the May deposition. Similarly, Ms. Cassidy's deposition was taken on April 26, 2005, several months prior to the filing of Unified's motion, and Unified failed to explain why expediting this transcript was necessary. Unfortunately, it is impossible to decipher from the information provided by Unified how much the transcripts would have cost without

and $1,692.54 for Ms. Spiegel's depositions. It is evident Unified had two deposition transcripts expedited at further expense.

First, Mr. Kolar argues that Ms. Cassidy and Ms. Spiegel's deposition transcript expenses were unnecessary because they both worked for Unified, and Unified could have obtained their declarations independently. Furthermore, Mr. Kolar argues these transcripts were merely ordered for the convenience of counsel because they were not necessary to counteract his use of the witness' testimony because he had not ordered transcripts of the depositions. It seems somewhat disingenuous for Mr. Kolar to now claim that these particular transcripts were not necessary, when it was Mr. Kolar who took Ms. Cassidy and Ms. Spiegel's depositions. Using deposition transcripts is the more appropriate method for introducing testimonial evidence in a summary judgment motion, as Mr. Kolar was provided the opportunity to examine and/or cross examine the witness' statements. As such, I decline to reduce Unified's costs award on this basis.

Second, Mr. Kolar argues the fees associated with expediting Ms. Cassidy and Ms. Spiegel's transcripts are unnecessary and should not be recovered. There is no explanation in Unified's Bill of Costs as to the need for expediting these deposition transcripts. Ms. Spiegel's deposition was taken twice, initially on May 16 and then again on July 14, 2005. Unified filed its motion for summary judgment on August 1, 2005. Therefore, given the close temporal proximity, expediting Ms. Spiegel's July deposition appears to have been reasonable. But the same cannot be said for the May deposition. Similarly, Ms. Cassidy's deposition was taken on April 26, 2005, several months prior to the filing of Unified's motion, and Unified failed to explain why expediting this transcript was necessary. Unfortunately, it is impossible to decipher from the information provided by Unified how much the transcripts would have cost without

being expedited. Thus, I am striking the entire amount sought for Ms. Spiegel's May 16, 2005 deposition and Ms. Cassidy's April 26, 2005 deposition, for a total of $1,830.24 ($562.74 May 16 Spiegel transcript; $1,267.50 April 26 Cassidy transcript).

Unified's Bill of Costs is GRANTED IN PART AND DENIED IN PART, and it is awarded $4,017.83.

IT IS SO ORDERED.


DATED this  1   day of February, 2006.

                            /s/ Michael W Mosman
                            MICHAEL W. MOSMAN
                            United States District Court